**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| MELINDA S. NEIMEYER, | § | |
| | § | |
| Plaintiff | § | Case No. 1:17-cv-675 |
| | § | |
| -v- | § | |
| | § | |
| ZWICKER & ASSOCIATES, P.C. | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |
| | § | |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Melinda S. Neimeyer (hereafter "Plaintiff") brings this action to secure redress from unlawful collection practices engaged in by defendant Zwicker & Associates, P.C. (hereafter "Defendant"). Plaintiff alleges violation of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.* ("FDCPA").

**II. VENUE AND JURISDICTION**

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. §1319(b)(2) as the acts giving rise to Plaintiff's cause of action occurred in this district, Plaintiff resides in this district, and the Defendant transacts and conducts business in this district.

**III. PARTIES**

4. Plaintiff is a natural person residing in Eaton County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA.

5. Defendant is a Michigan corporation with offices located at 320 E. Big Beaver Rd., Ste. 100, Troy MI 48083. The registered agent for Defendant is The Corporation Company, 40600 Ann Arbor Rd. E. Ste. 201, Plymouth MI 48170.

6. Defendant uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Defendant regularly attempts to

collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Defendant is a "debt collector" as the term is defined and used in the FDCPA.

## IV. STATEMENT OF FACTS

8. On or about June of 2017, Defendant, through its employee Krista M. Ranta (hereafter "Ranta") filed a civil action against the Plaintiff in the 56A District Court for the County of Eaton, Case No. 17-1431-GC.

9. Ranta is an attorney licensed to practice law in the State of Michigan.

10. Defendant's state court collection suit was filed in an attempt to collect money allegedly due for monies loaned by Discover Bank. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household purposes and was a "debt" within the meaning of the FDCPA 15 U.S.C. §1692a(5).

11. The 56A District Court consists of the County of Eaton and is a district of the first class as defined in MCL 600.8103. MCL 600.8126.

12. Plaintiff resides at 119 Falls Ct. Apt. D, Lansing MI 48917, in Eaton County.

13. The City of Lansing includes portions of Eaton and Ingham Counties.

14. The City of Lansing has a population of approximately 116,020, with the majority of the population residing in Ingham County.

15. When a city with a population in excess of 20,000 is located in more than one judicial district, that city is a part of the judicial district containing the greater portion of the population of the city. MCL 600.8101(2).

16. The City of Lansing is part of the 54A judicial district. MCL 600.8125(1).

17. The summons and complaint filed by Defendant in the state court lawsuit correctly stated Plaintiff's address was in the City of Lansing.

18. Defendant sued Plaintiff in Eaton County.

19. Plaintiff's home is approximately 18.2 miles from the 56A District Court and is approximately a 23-26 minute drive depending upon traffic. See Exhibit A.

20. Plaintiff's home is approximately 4.9 miles from the 54A District Court and is approximately a 12-14 minute drive depending upon traffic. See Exhibit B.

## Count 1 -- 15 U.S.C. §1692i – Legal Actions by Debt Collectors

21. Plaintiff adopts by reference paragraphs 1-20 above as if fully set forth herein.

22. Pursuant to 15 U.S.C. §1692i a debt collector may file a collection suit against a consumer only in the judicial district in which the consumer signed a contract sued upon or in which the consumer resides at the commencement of the action.

23. Once a debt collector sues in the wrong venue, the consumer must defend, and the damage is done; the consumer can then request a transfer to an appropriate venue and file a Fair Debt Collection Practices Act (FDCPA) action against the debt collector for actual damages and any related costs and attorney's fee. *Beeler-Lopez v. Dodeka, LLC*, E.D. Tex.2010 (711 F.Supp.2d 679.

24. By filing the state court lawsuit in a judicial district where neither Plaintiff resided, nor where the contract was signed, Defendant violated the FDCPA.

25. Defendant failed to maintain procedures reasonably adapted to avoid filing suit against Plaintiff in the wrong judicial district.

26. Defendant failed to follow procedures reasonably adapted to avoid filing suit against Plaintiff in the wrong judicial district.

27. Defendant is liable for the acts and omissions of its employees done in connection with efforts to collect a debt from Plaintiff.

28. The acts and omissions of Defendant and its employees done in connection with efforts to collect a debt from Plaintiff were done intentionally and willfully.

29. Since July of 2013 Defendant has had thirty-eight (38) complaints classified under "Taking/threatening an illegal action" filed against it with the Consumer Financial Protection Bureau. (Attached as Exhibit C).

30. Defendant has had numerous other federal lawsuits against them alleging similar violations as stated in this complaint. The Defendant has been sued civilly in Federal Court two hundred and seventy five (275) times since October of 2005. (Attached as Exhibit D).

31. Defendant's corporate policy and procedures are structured to increase the rates of default judgments by suing consumers in improper judicial districts.

32. As an actual and proximate result of Defendant's acts and omissions, Plaintiff has suffered actual damages and injury for which she should be compensated in an amount to be established by jury at trial including but not limited to financial loss, fear, stress, mental anguish, emotional stress, embarrassment, and suffering for which she should be compensated in an amount to be established by jury at trial.

## V. TRIAL BY JURY

33. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

## VI. CLAIMS FOR RELIEF

34. Plaintiff adopts by reference paragraphs 1-33 above as if fully set forth herein.

35. Defendant has violated the FDCPA. Defendants violations of the FDCPA include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. §1692i by filing a collection lawsuit in the wrong judicial district.

**Wherefore,** Plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

d) Such further relief as the court deems just and equitable.

| Dated: July 26, 2017 | Respectfully submitted:<br><br>__/s/_____<br>Jeffrey D. Mapes (P70509)<br>Jeffrey D. Mapes PLC<br>Attorneys for Plaintiff<br>29 Pearl St. NW, Ste. 305<br>Grand Rapids, MI 49503<br>Tel: (616) 719-3847<br>Fax: (616) 719-3857<br>jeff@mapesdebt.com |
|---|---|